

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| SUPER 8 MOTELS, INC., a South Dakota Corporation, | \* \* \* | CIV 06-1041 |
| Plaintiff, | \* \* | |
| -vs- | \* \* | ORDER AND OPINION |
| DEER LODGE SUPER 8, INC. and DAVID A. RAMAGE, | \* \* \* | |
| Defendants. | \* \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Plaintiff instituted this action seeking damages and an injunction under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, for infringement of plaintiff's trademark and seeking damages for a violation of the parties' franchise agreement. On December 9, 2006, plaintiff accomplished service upon defendant Ramage and on December 13, 2006, plaintiff accomplished service upon defendant Deer Lodge. Plaintiff moved for entry of a default on February 15, 2007. Following a memorandum from the Court as to certain procedural irregularities, plaintiff filed an amended motion. The Clerk of Courts entered a default on March 7, 2007, and I entered a default judgment on March 12, 2007, as to liability. I also issued an injunction against defendants.

On June 16, 2007, plaintiff filed its memorandum in support of its motion for a default monetary judgment. Two weeks later counsel for defendants first entered a notice of appearance. On July 18 and 19, the defendants filed a motion for a hearing on damages pursuant to Fed. R. Civ. P. 55(b)(2), and an affidavit in resistance to the damages previously claimed by plaintiff. I informally advised counsel for defendants that, in the absence of the setting aside of the default judgment, defendants would not be permitted to participate in any hearing on damages. It was not until August 27, 2007, that defendants moved to set aside the default judgment.

## I. DEFAULT

When a defendant fails to file an answer within 20 days of service, the plaintiff is entitled to entry of default pursuant to Fed. R. Civ. P. 55(a). Entry of a default under Rule 55(a) must precede the entry of a default judgment under Rule 55(b). Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783 (8th Cir. 1998). "Entry of default is merely 'an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b).'" Phillips v. Weiner, 103 F.R.D. 177, 179 (D. Maine 1984), (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 2692 at 465 (2d. ed. 1983)).

Defendants seek to set aside the default and vacate the default judgment. The procedure for setting aside a default is set forth in Fed. R. Civ. P. 55(c):

> For good cause shown, the Court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

This Court has discretion to set aside an entry of default under Rule 55(a), which discretion "is to be exercised in light of the particular circumstances in the individual case." *Id.* All doubts should be resolved in favor of the defaulting party. In Re Arthur Treacher's Franchise Litigation, 92 F.R.D. 398, 415 (E.D. Penn. 1981). Relief from a final default judgment must normally be sought under Rule 60(b). Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999).

Like Rule 55(c), Rule 60(b) does not provide substantive law but instead defines the procedure for analyzing motions for relief from judgment. Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996). The same factors are typically relevant in deciding whether to set aside the entry of a default and a default judgment. Johnson v. Dayton Electric, 140 F.3d at 783. *See also* Arthur Treacher's, 92 F.R.D. at 415, Phillips v. Weiner, 103 F.R.D. at 181, and SPICA v. Garczynski, 78 F.R.D. 134, 135 (E.D. Penn. 1978). However, "the standard for relief for 'good cause' under Rule 55(c) is more liberal than the standard for relief from judgment under Rule 60(b)." Phillips v. Weiner, 103 F.R.D. at 181. *See also* Johnson v. Dayton Electric, 140 F.3d at 783 ("relief from a default judgment requires a stronger showing of excuse than relief from a mere default order"). The factors are:

1. whether defendant's failure to answer was blameworthy or culpable, i.e., whether it constitutes "excusable neglect;"

2. whether defendant has presented a meritorious defense to the action; and

3. whether plaintiffs would be substantially prejudiced if the default were excused.

Johnson v. Dayton Electric, 140 F.3d at 784, Arthur Treacher's, 92 F.R.D. at 415, and Phillips v. Weiner, 103 F.R.D. at 179. "Failure to show any one of these elements would require denial of a motion to vacate." Chandler Leasing Corp. v. UCC, Inc., 91 F.R.D. 81, 84 (N.D. Ill. 1981). Other factors this court may take into consideration are whether a substantial sum of money is involved and whether the defendant acts promptly in moving to set aside the default. Phillips v. Weiner, 104 F.R.D. at 179, and Insurance Co. of North America v. Morrison, 154 F.R.D. 278, 280 (M.D. Fla. 1994). "There is a 'judicial preference for adjudication on the merits' and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." Johnson v. Dayton Electric, 140 F.3d at 784 (quoting Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993)).

### A. Excusable Neglect

Defendants seek to excuse their defaults based upon their claim that they thought they had received a 60 day extension within which to file their answer. No such extension was sought from the court. Fed. R. Civ. P. 6(b) allows an extension of time to comply with the deadlines set forth in the rules, including the deadline for answering, but only by order of the court. Neither defendant has offered any explanation by way of excuse for not having responded to the lawsuit. Defendants have not to this day even filed a proposed answer setting forth what, if any, defense they have to the complaint. In any event, the default judgment was not entered until March 12, 2007, after any alleged 60 day extension had expired. The defendants not only failed to file answers (and no proposed answers were made a part of the motion to set aside the default) but did not even move to set aside the defaults until plaintiff filed its evidence in support of its request to determine damages. Defendants failed to engage counsel admitted to practice before the district court until seven months after the inception of the law suit. The defendants' only

defense to failing to respond to the motion for default judgment served upon them is that they did not timely receive copies of documents served upon them by plaintiffs because, although mailed to the defendants' offices, defendant Ramage was in Florida. Receiving and dealing with one's mail while gone for an extended period is the responsibility of the recipient. If the court were to accept the argument of the defendants, it would be a rare event where a corporation could be held responsible for failure to respond to a law suit or a motion for a default judgment if the principal corporate officer is out of the office for an extended period. This would thwart the very purposes of the Federal Rules of Civil Procedure.

"In deciding whether to set aside a default judgment for 'excusable neglect,' a district court ought not to focus narrowly on the negligent act that caused the default and ask whether the act was itself in some sense excusable. Instead, the court should take account of 'all relevant circumstances surrounding the party's omission." Union Pacific R. Co. v. Progress Rail Services Corp., 256 F.3d 781, 782 (8th Cir. 2001). The Eighth Circuit has said that "'excusable neglect' includes 'late filings caused by inadvertence, mistake or carelessness.'" Johnson v. Dayton Electric, 140 F.3d at 784 (quoting Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 388, 113 S.Ct. 1489, 1494-95, 123 L. Ed. 2d 74 (1993)). "Our cases have consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines. We have rarely, if ever, excused the former." Johnson v. Dayton Electric, 140 F.3d at 784.

The defendants are not "guilty" of a mere marginal failure for which relief from default should be granted. There has been no showing of excusable neglect, even under the liberal standards of Rule 55(c). What has happened here is "intentional neglect" and "inexcusable neglect." The defendants exhibited an intentional disregard for all rules of pleading. Neither defendant sought to plead or defend in any way this litigation until over seven months after they were served with the summons and complaint. It is not error to find a lack of excusable neglect where the defendant watched the litigation from afar for seven months "without any intention of entering an appearance or defending the action in a legally cognizable manner." Hall v. T.J. Cinnamon's, Inc., 121 F3d. 434, 435-36 (8th Cir. 1997). Further, defendants did not move for

4

relief from the default and the default judgment (as to liability and imposition of the injunction) until five months after the entry of the default judgment. Counsel for defendants contends that it took several months to obtain the documents to show that the defendants had a meritorious defense and counsel delayed in moving to set aside the default until the documents were received and reviewed. The proper procedure would have been to appear, move to set aside the default and default judgment, and request an extension to prepare the brief. Defendants cannot rely upon the failure of counsel as a defense to failing to timely appear and move to set aside the default. See Inman v. American Home Furniture Placement, Inc., 120 F.3d 117, 118 (8th Cir. 1997) ("Litigants choose counsel at their peril"). Under all the circumstances, defendants have not shown good cause or excusable neglect. In addition, the motion has not been made within a reasonable time as required by Fed. R. Civ. P. 60(b) which rule is incorporated into Fed. R. Civ. P. 55(c).

The defendants have treated the injunction issued by this court in the same cavalier manner as they treated the lawsuit itself and their responsibilities.

### B. Meritorious Defense

Defendants claim that they have a meritorious defense to the merits of plaintiff's claims. Mere denials, "unsupported by specific factual allegations, are insufficient to sustain defendant's burden of establishing a meritorious defense." Arthur Treacher's, 92 F.R.D. at 416. The court in Arthur Treacher's determined defendant's task of establishing a meritorious defense was hampered by the general allegations in the complaint. Id. The complaint in the present case is by no means "general." By contrast, the defendants have set forth only general denials and conclusory statements in their tardy filings. Defendants acknowledge that they received a notice of termination of the franchise agreement but contend that they were not concerned because in the past (while dealing with the predecessor franchisor) they were always allowed to make changes deemed necessary and were then reinstated. There was no course of dealing between the new franchisor (the present plaintiff) and defendants. Defendants had no reasonable basis to ignore inspection failures and warnings of loss of the franchise. The situation here is comparable to what existed in Scenic Holding, LLC v. New Board of Trustees of Tabernacle Missionary

Baptist Church, Inc., ___ F.3d ___, 2007 WL 3254736 (8th Cir. 2007). "On multiple occasions during the trial, Scenic attempted to prove Tabernacle authorized the note and mortgage by showing a prior course of dealing among Superior, Tabernacle, and representatives of Tabernacle. Scenic contends the district court abused its discretion by concluding such evidence was irrelevant to the New Board's authority to bind Tabernacle. We disagree." *Id*.

There is no defense to the claim that the franchise agreement was legally terminated in December of 2005. There is no defense to the failure of defendants to remove Super 8 signage and pay franchise fees owing up to and at least including the date the law suit was commenced in December of 2006. Defendants essentially contend that they hoped that plaintiff would relent on the changes originally demanded in the notices of default and would eventually reinstate the franchise. This is insufficient to establish a meritorious defense. A movant must present a factual basis for its claim. Chandler Leasing Corp. v. UCC, Inc., 91 F.R.D. at 84. Defendants have failed to set forth a meritorious defense as to whether they violated the Lanham Act or breached the franchise agreement. Even if defendants had done so, "where the conduct of a party amounts to willful misconduct, the existence of a meritorious defense does not prohibit default judgment." Ackra v. Fingerhut, 86 F.3d at 857. Willful misconduct occurred here. The primary argument of defendants is as to damages. The question in the final analysis is not whether defendants have violated the franchise agreement but whether they are liable for damages and, if so, to what extent.

### C. Prejudice

The defendants' actions have thwarted the orderly administration of justice. The District Court, court personnel, and the plaintiff and its attorneys have spent time and money in dealing with the various post-default motions of the defendants. Clearly, default judgments are not favored by the law. U.S., on Behalf of and for Use of Time Equipment Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). However, the Eighth Circuit has pointed out that "[t]he entry of a default judgment for a marginal failure to comply with the time requirements -- in this case, being twelve days late -- should be distinguished from dismissals or other sanctions imposed for willful violation of court rules, contumacious conduct, or intentional delays." *Id.*

The Eighth Circuit has further stated that "[t]he entry of judgment by default is 'only appropriate where there has been a clear record of delay or contumacious conduct.'" Taylor v. City of Baldwin, Missouri, 859 F.2d 1330, 1332 (8th Cir. 1988). In Taylor, the district court found that the defendant's lawyers "should have been here earlier but they weren't; however, no harm has come to [plaintiff]." Id. The Eighth Circuit held this ruling was an abuse of discretion, finding:

> [Defendant], in complete default and in defiance of the Federal Rules of Civil Procedure, failed to file a timely answer to any of plaintiff's five amended complaints, failed to submit pretrial submissions in accordance with the district court's pre-trial order, and precluded plaintiff from the opportunity to conduct any discovery. The resulting prejudice to Taylor should be obvious. Id.

This case is not like Union Pacific v. Progress Rail Services, 256 F.3d at 783, where, as soon as the defendant had notice of the default, it entered into negotiations with the plaintiff and, upon failure of negotiations, filed a motion to set aside the default within three weeks of its entry.

Defendants argue that there is no prejudice to plaintiff, other than legal fees and expenses in conjunction with the various motions, if the court sets aside the default and the default judgment which was granted to plaintiff. The defendants were advised by me in writing on July 21, 2007, that they could not participate in the determination of damages because they had not sought to be relieved of the defaults. They did not seek to be relieved of default until August 27, 2007. It has now been over a year since this case was filed. It is the policy of the federal courts to issue scheduling orders which will bring a case to a conclusion not later than three years from the filing of the complaint. Plaintiff and the court have been prejudiced in their abilities to bring this case to a conclusion in a timely fashion.

It is the defendants' burden to establish lack of substantial prejudice to the plaintiff and they have failed to convince the court that plaintiff has not been and will not be substantially prejudiced. It is clear to the court that the defendants seek relief which would normally be manifestly unjust.

### D. Summary and Conclusion

The resolution of the pending motion "involves making a choice between the two conflicting policies of prompt and efficient handling of litigation in the Federal Courts by reasonably strict enforcement of the F.R.C.P., and interests of justice which are normally served by a trial on the merits." Spica v. Garczynski, 78 F.R.D. at 136. Balancing these policies in light

7

of the totality of the circumstances present here, the court finds the defendants should be precluded from denying they are liable to the plaintiff so as to justify the injunction entered. The injunction should not be set aside.

The Eighth Circuit has held generally that a "default judgment is appropriate if the conduct is willful, contumacious or intentional." Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996). I previously made the determination that plaintiffs were entitled to a default and a default judgment on liability. The court declines to set aside the default in connection with the injunction after having considered the factors in Johnson v. Dayton. This court has further found that the defendants' conduct was willful, contumacious or intentional. Thus, the entry of the injunction was and is appropriate.

Having said all of this, there are practical considerations here. It is important to note that a final judgment has not been entered since no certification pursuant to Fed.R.Civ.P. 54(b) has ever been made. Thus, the judgment as to liability is subject to change at any time before a final judgment is entered. Rule 60(b) deals only with judgments and other orders that are "final." Thus, the standards under Rule 55(c) should be applied. These standards, as already discussed, are less stringent and demanding of the party in default.

All of this causes the court to favor allowing defendants to participate in a hearing to determine damages, based, however, on the payment of reasonable terms. The court is also concerned with SDCL 53-9-5: "Every contract in which amount of damage or compensation for breach of an obligation is determined in anticipation thereof is void to that extent except the parties may agree therein upon an amount presumed to be the damage for breach in cases where it would be impracticable or extremely difficult to fix actual damage." In a policy statement issued May 10, 2000, the South Dakota Division of Securities advised franchisors that any contract containing a liquidated damage provision must have an addendum quoting SDCL 53-9-5. Under South Dakota case law, the question whether SDCL 53-9-5 bars recovery of liquidated damages is a question of law for the court. I will make that decision at trial after hearing the evidence. There is no question that other factual and legal issues are presented as to the measure of damages and the amount of damages. As a practical matter, if we are to have a jury trial dealing with damages, certain questions of liability should also be determined in the same trial.

8

Nothing prohibits the court during the trial from entering a judgment as a matter of law as to liability or, for that matter, as to damages.

Clearly, I have changed my mind as to some of the statements I made on the record at oral argument. I believe the practicalities of this lawsuit are of overriding importance.

Despite all the failings of defendants, the default and the default judgment dealing with liability should be set aside conditioned upon defendants paying $15,000.00 to plaintiff within 30 days of the date of this order and opinion. Upon the timely payment of the terms, defendants should also be allowed to participate in the trial as to damages.

Based upon the foregoing,

IT IS ORDERED:

1. Defendants' motion, Doc. 24, to set aside the default and the default judgment as to the injunction is denied.

2. Defendants' motion, Doc. 24, to set aside the default and the default judgment as to liability is granted, conditioned, however, upon defendants paying the sum of $15,000.00 to plaintiff within no later than 30 days from the date of this Order and Opinion.

3. Defendants' motion, Doc. 18, to participate in a Rule 55(b) hearing to determine damages is granted, conditioned, however, upon defendants paying the terms described in paragraph two above.

4. A scheduling order shall enter forthwith and a jury trial shall be conducted.

Dated this 29th day of November, 2007.

BY THE COURT:

*(signature)*

CHARLES B. KORNMANN

United States District Judge

ATTEST:

JOSEPH HAAS, CLERK

BY: *(signature)* Barbara J. Paepke

DEPUTY

(SEAL)

9